

## NUMBER 13-04-00452-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

S. MURTHY BADIGA, M.D.,                                        Appellant,

v.

MARICRUZ LOPEZ,                                        Appellee.

**On appeal from the 93rd District Court
of Hidalgo County, Texas.**

## MEMORANDUM OPINION ON REMAND

### Before Chief Justice Valdez and Justices Yañez and Rodriguez
### Memorandum Opinion on Remand by Chief Justice Valdez

This interlocutory appeal of the trial court's denial of appellant S. Murthy Badiga,

M.D.'s motion to dismiss appellee Maricruz Lopez's healthcare liability claim is before us

on remand from the Texas Supreme Court. *See Badiga v. Lopez*, 274 S.W.3d 684, 685

(Tex. 2009). On original submission, we dismissed Badiga's appeal for lack of jurisdiction

because the trial court granted Lopez an extension of time to file the statutorily required

expert medical report. *See Badiga v. Lopez*, No. 13-04-00452, 2005 Tex. App. LEXIS

5191, at *3 (Tex. App.–Corpus Christi Jul. 7, 2005), *rev'd*, 274 S.W.3d 684, 685 (Tex. 2009). The supreme court has since held that a "provider may pursue an interlocutory appeal of the denial of a motion to dismiss when no expert report has been timely served, whether or not the trial court grants an extension of time." *Badiga*, 274 S.W.3d at 685. The supreme court remanded this case to us "to consider the merits of the trial court's denial of Dr. Badiga's motion to dismiss." *Id*.

By his sole issue, Badiga contends the trial court erred by denying his motion to dismiss Lopez's healthcare liability claim against him because she failed to file an expert report within the statutorily required 120-day period. Section 74.351(a) of the civil practice and remedies code provides that an expert report must be served "not later than the 120th day after the date the original petition was filed." TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a) (Vernon Supp. 2009). If the claimant does not serve a report within 120 days, the statute provides that the trial court "shall" enter an order granting the affected party's motion to dismiss the claim. *Id*.; *Poland v. Grigore*, 249 S.W.3d 607, 614 (Tex. App.–Houston [1st Dist.] 2008, no pet.). Both parties agree that Lopez's expert report was served after the 120-day period had expired. Accordingly, the trial court erred by not granting Badiga's motion. Badiga's sole issue is sustained.

We reverse the trial court's order denying Badiga's motion to dismiss. In accordance with section 74.351(b) of the civil practice and remedies code, we remand the case to the trial court for a dismissal of Lopez's claims against Badiga with prejudice and any further proceedings not inconsistent with this opinion. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(b) (Vernon Supp. 2009).

                                               _____

                                               ROGELIO VALDEZ
                                               Chief Justice

Delivered and filed
the 17th day of December, 2009.